FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 0 6 2011 ★
DOCKET & FILE
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SOUVIK BASU,

Plaintiff,

-against-

ANDREW CUOMO, Attorney General of the State of New York,

Defendant.

---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-5832 (KAM)

MATSUMOTO, United States District Judge:

On November 29, 2010, plaintiff Souvik Basu ("plaintiff"), currently incarcerated at Rikers Island, filed this *pro se* action pursuant to Federal Rule of Civil Procedure 5.1(a) and 28 U.S.C. § 2403 challenging the constitutionality of certain provisions of the New York Penal Law. (ECF No. 1, Compl.) By Memorandum and Order dated January 12, 2011, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed plaintiff to file an amended complaint within 30 days. (ECF No. 4, 1/12/11 Order.) After requesting and receiving two extensions of time, as well as leave to file a second amended complaint, plaintiff filed a second amended complaint on May 10, 2011. (ECF No. 10, Second Am. Compl.) The court has reviewed plaintiff's submissions. For the reasons set forth below, the action is dismissed.

## BACKGROUND

Plaintiff's original complaint, filed on November 29, 2010, "challenge[d] the constitutionality of New York Penal Law Sections 125.25, 265.03, 120.10 . . . ." (Compl.) Plaintiff further argued that "these laws are unconstitutional because they were never certified as constitutional by the N.Y.S. Supreme Court." (*Id.*) Because the complaint did not present any factual or legal basis for his claim or state what remedy he was seeking, the court directed plaintiff to file an amended complaint in order to comply with Rule 8 of the Federal Rules of Civil Procedure. (1/12/11 Order); *see Ashcroft*

*v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff's second amended complaint, filed on May 10, 2011, repeats the allegations in his initial complaint. (Second Am. Compl.) In addition, plaintiff explains that the government and Constitution of the State of New York have been suspended under the "Emergency War Powers" and so the penal laws enacted by the state government, and pursuant to which plaintiff was charged, are "null and void[]." (*Id.* ¶ 3.) Accordingly, plaintiff alleges that he is "being held without bail for violating non-existent laws," in violation of the United States Constitution. (*Id.* ¶¶ 2, 4.) Plaintiff requests that the court release him, dismiss the charges against him, and "invalidate these statues in question as being unconstitutional and to call for the acting Attorney General to be subpoenaed and testify as to the constitutionality of the statutes in question." (*Id.* ¶ 5.)

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if, *inter alia*, the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). "A complaint is frivolous when, among other things, it 'is based on an indisputably meritless legal theory,' *i.e.*, it 'lacks an arguable basis in law.'" *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

Furthermore, a complaint must plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

The court has reviewed plaintiff's complaint and amended complaints and finds that plaintiff's allegations lack an arguable basis in law. Plaintiff's theory, in essence, is that the penal laws under which he was indicted are unconstitutional because they were enacted by a state government that was suspended while the federal government was "operating within a de facto status under Emergency War Powers" and the penal laws were never certified as constitutional by the New York State Supreme Court. (Second Am. Compl. ¶¶ 3-4.) This argument is indisputably meritless. *See Salinsky v. Cuomo*, No. 10-CV-4064, 2010 WL 4602460, at *1 (E.D.N.Y. Oct. 28, 2010) (dismissing action with similar allegations); *Bellamy v. Cuomo*, No. 10-CV-5261, 2010 WL 4875905, at *1 (E.D.N.Y. Nov. 23, 2010) (same); *Saez v. Cuomo*, No. 10-CV-4358, 2011 WL 1463813, at *1 (E.D.N.Y. Apr. 15, 2011) (same).

Furthermore, the remedy that plaintiff seeks is the court's intervention in his ongoing criminal proceeding. (Second Am. Compl. ¶ 5.) In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the principles of federalism central to the United States Constitution. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of

constitutional claims in the state court," *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir.1995), cert. denied, 516 U.S. 1012 (1995), unless plaintiff can show that extraordinary circumstances warrant intervention in the ongoing proceeding.

Here, the elements for *Younger* abstention are satisfied. The criminal case against plaintiff is still pending.[1] New York has an important state interest in enforcing its criminal laws. And plaintiff is free to raise his constitutional claims in the pending criminal proceedings. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ( "[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); *see also Schlagler v. Phillips*, 166 F.3d 439 (2d Cir.1999) (holding that trial court should have abstained from interfering with state prosecution). Plaintiff has not demonstrated that extraordinary circumstances warrant the court's intervention here.

/

/

/

/

/

/

/

/

---

[1] The court takes judicial notice that plaintiff–identified by his name and book and case number 141-09-07127–was arrested on May 5, 2009 and charged with murder in the second degree under New York Penal Law ¶ 125.25 and criminal possession of a weapon in the third degree under New York Penal Law ¶ 265.02, which charges are currently pending. *See* http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (last visited 6/2/11).

## CONCLUSION

Accordingly, this *in forma pauperis* action is dismissed pursuant to 28 U.S.C. § 1915A(a) & (b)(1). Because the court did not consider whether the state law is constitutional, the court declines to certify this question to the Attorney General of the State of New York pursuant to 28 U.S.C. § 2403. *Johnson v. Artuz*, 182 F.3d 900 (2d Cir. 1999); *Romaine v. Rawson*, No. 99-CV-603, 2004 WL 1013316, at *2 n.1 (N.D.N.Y. May 6, 2004). The court, however, certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
June 6, 2011

/S/

KIYO MATSUMOTO
United States District Judge